In re Philip A. RIPOSO, Debtor.

PRUDENTIAL–BACHE SECURITIES, INC., Plaintiff,

v.

Philip A. RIPOSO, Defendant.

Bankruptcy No. 85–00288.
Adv. No. 85–0048.

United States Bankruptcy Court, N.D. New York.

Feb. 19, 1986.

564

Joel N. Melnicoff, Syracuse, N.Y., for plaintiff.

James F. Selbach, P.C., Syracuse, N.Y., for defendant.

MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Philip A. Riposo ("Debtor") moves the Court for dismissal of the complaint of Prudential-Bache Securities, Inc. ("Plaintiff") due to improper service. The Debtor further moves for summary judgment on that portion of Plaintiff's complaint objecting to his discharge. Plaintiff cross-moves for summary judgment on its complaint, in which it seeks exception of its claim from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) & (B) (the "Code"), and further, denial of the Debtor's discharge pursuant to § 727(a)(4)(C) of the Code. The following constitute the Court's findings of fact.

FACTS

On or about August 22, 1983, the Debtor applied for employment with the Plaintiff,

an investment entity currently a member of the New York Stock Exchange as well as other stock and commodity markets and exchanges. As part of his application, the Debtor completed and signed a written document, within which he affirmatively stated 1) he had never taken advantage of a bankruptcy act; 2) he had never filed a bankruptcy petition or been discharged bankrupt; 3) he was not then currently the subject of any undisclosed judgments or liens. The Debtor was thereafter hired by the Plaintiff as a broker.

As part of the employment arrangement, Plaintiff loaned and advanced the Debtor the sum of $61,000.00, for which the latter executed a promissory note. The obligation was to be repaid in three annual installments of $20,333.00 commencing September 20, 1984, with the entire balance due should the Debtor become insolvent or file a bankruptcy petition.

The Debtor's representations with respect to his prior bankruptcy experience were untrue, as he had, by his own admission, previously received a discharge in a Chapter VII case in the Northern District of New York on December 12, 1973. Further, there existed an undisclosed judgment and certain liens against the Debtor at the time he executed the employment application.

On April 18, 1985, the Debtor filed his Chapter 7 petition with the Court, scheduling the entire amount of his obligation to the Plaintiff. On July 16, 1985, the Plaintiff filed its adversary complaint with the Court. During this time, the Bench was unoccupied due to the retirement of the Honorable Leon J. Marketos, and the delay in affirming the assumption of his duties by his successor. Consequently, the summons was not issued by the Bankruptcy Clerk's office until October 18, 1985, when it was then mailed to Plaintiff's attorney. Plaintiff's counsel denied receiving the same. A summons was thus reissued by the Court on November 26, 1985, with service of the summons and complaint on the Debtor accomplished by mail on December 10, 1985.

## ARGUMENTS

The Debtor alleges the Court is without jurisdiction to hear the present matter as the Plaintiff failed to perfect service pursuant to Rule 7004(c) of the Bankruptcy Rules of Procedure ("FBRP"). The failure to serve the summons within ten days of its issuance is claimed to warrant dismissal of the complaint, as the motion to dismiss precedes any request by Plaintiff to extend the time for service. *In re Lowther*, 38 B.R. 332 (N.D.Ohio W.D.1984); *Oneida National Bank v. Nelepovitz (In re Nelepovitz)*, No. 84–00463, Adv. No. 84–0110 (Bankr.N.D.N.Y. Oct. 22, 1984) (Marketos, B.J.). Finally, summary judgment is argued as appropriate, insofar as Plaintiff's complaint seeks to deny discharge under § 727 of the Code.

In contesting dismissal of its complaint, Plaintiff relies on the literal wording of FBRP 7004(f), which provides for reissuance of the summons should the same be untimely delivered or mailed. Plaintiff further urges its present claim is "the case" referred to in § 727 of the Code, and thus the Debtor must be denied discharge. Finally, Plaintiff contneds it is entitled to summary judgment on all claims of its complaint, as there is no material issue of fact regarding the actions of the Debtor which preclude recovery by Plaintiff as a matter of law.

## DISCUSSION

### I. Debtor's Motion to Dismiss Complaint

Plaintiff's complaint is argued to be fatally flawed due to the failure to perfect service within ten days of the issuance of the summons. FBRP 7004(f) provides for service within ten days of issuance, but continues "If a summons is not timely delivered or mailed, another summons shall be issued and served." FBRP 7004(f).

At the outset, the Court notes Debtor's reliance upon an unreported decision of this Court wherein Judge Marketos apparently dismissed an adversary proceeding because

the summons and complaint were not personally served upon the debtor within ten days after issuance of the summons. *Oneida National Bank v. Nelepovitz, supra.* The Court has reviewed that file, and has found the same devoid of any explanation or rationale for such decision. In *Nelepovitz,* plaintiff filed its complaint objecting to dischargeability pursuant to § 523(a)(2) of the Code on September 6, 1984 (the deadline for filing of the same having been set by the Court as September 7, 1984). The Bankruptcy cover sheet required under 28 U.S.C. § 1471 was received and filed by the Bankruptcy Clerk's office on September 11, 1984, with the summons issuing from that office on September 13, 1984. Personal service was made upon the debtor on October 3, 1984. The debtor moved for dismissal of the complaint, with Judge Marketos so doing at the pretrial conference of October 16, 1984.

 While the Court at all times strives to abide the doctrine of *stare decisis,* blind adherence to an order which contains no conclusions of law or findings of fact, is inappropriate. It certainly is so in this situation, as Judge Marketos' decision contains no reference to the seemingly inexhaustible right to seek reissuance of a summons. With great hesitation, and with acknowledgement that this action, on its face, contravenes the decision of *Nelepovitz, supra,* the Court will not hold itself to the decision therein.

FBRP 7004(f) is, admittedly, incongruent on its face, for it allows an apparently infinite number of summonses to be issued should a plaintiff fail to effect service within ten days following issuance. Were the rule strictly interpreted, conceivably an adversary proceeding could languish in the nether world of indefinite issuance and reissuance. At some point the line must be drawn, and in this regard, the Court believes the cogent analysis of Judge Berk to be of assistance. *In re Dahowski,* 48 B.R. 877 (Bankr.S.D.N.Y.1985) ("Dahowski").

Therein, a complaint under § 523(a)(4) of the Code was timely filed, summons issued by the Bankruptcy Clerk, but no service of the same upon the debtor. After the initial pretrial conference, unattended by plaintiff, that party requested issuance of a second summons. The second summons was issued, (approximately 62 days after the complaint was filed) and this time served within ten days of its issue. The Debtor moved to dismiss the complaint, arguing service within the ten day span was mandatory; only when service could not be made as prescribed was reissuance warranted.

 After analyzing FBRP 7004(f), its predecessor, former Rule 704(e), as well as Rule 4(j) of the Federal Rules of Civil Procedure ("FRCP"), the court noted the different focus of each. Whereas the FRCP gauges time for service of the summons from the filing of the complaint ("within 120 days after . . ."), the Bankruptcy Rules use the issuance of summons as the touchstone for service. This distinction, coupled with the clear language of FBRP 4007(c),[1] led the Court to conclude "[t]he date on which the complaint is filed should be the controlling factor in determining the timeliness of a complaint, not the date on which the summons and complaint are served." *Dahowski,* at 883; *See In re Vadnais,* 15 B.R. 575 (Bankr.D.R.I.1981); *cf. In re Stewart-Brown,* 8 B.R. 593 (Bankr.N.D.Ga. 1981) (Rule 704). This determination is warranted as both FBRP 7004(f) and former Rule 704(e) contain the antipodian language allowing "infinite" summons reissuance.

In the present matter, Plaintiff timely filed its complaint with the Court. The Court will accept the representations of Plaintiff's counsel that he never received the first summons, although this fact is of no consequence for purposes of the Court's decision. When the second summons was issued, Plaintiff did not perfect service as required. Thus, at this juncture, the Plain-

---

**1.** Rule 4007(c) provides: "A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)."

tiff has yet to obtain service upon the Debtor. Were FBRP 7004(f) unrestrained in any way, the Plaintiff could continue to indefinitely seek new summonses until service was perfected within the ten days following issuance.

■ Determination of an outside date by which service must be completed is necessary to stem abuses to both debtor and the bankruptcy process. The Court adopts, as did the Southern District of New York, the practical suggestion intimated by the "Editor's Comment" to 6 *Norton Bankr.L. & Prac., Rule 7004(f)* 354 (1984):

> Where there has been substantial delay in the service of the summons and complaint, the appropriate procedure under the Bankruptcy Rules is to file a motion to dismiss under Federal Rule of Civil Procedure 41(b). Thus, if the plaintiff delayed more than 120 days, even though the Bankruptcy Rules do not pick up Federal Rule 4(j) which mandates a dismissal, the court has discretion to do so under Rule 41(b).

*Dahowski*, at 884. Thus, the Court holds that service of a summons (however many times issued by the Bankruptcy Clerk) must be accomplished within 120 days from the filing of the adversarial complaint. During this time, the provisions of FBRP 7004(f) authorizing continued reissuance of a summons will be honored. However, the motives and good or bad faith of the plaintiff will at all times be subject to examination whenever there is a substantial delay in service. This is true even though such conduct occurs within the 120-day period. *Accord, Dahowski*, at 884.

■ In the present matter, Plaintiff's service is admittedly tardy. There is no showing by the Debtor that the Plaintiff intentionally delayed service, or was improperly motivated to delay service of the second summons. The question of prejudice to the Debtor is irrelevant absent an allegation relating to the motivations of the Plaintiff. Consequently, the Debtor's motion to dismiss the complaint is denied.[2]

## II. Debtor's Motion for Summary Judgment

In relevant part, § 727 of the Code provides:

> (a) The court shall grant the debtor a discharge, unless—
>
> . . . . .
>
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
>
> (A) made a false oath or account;
>
> . . . . .
>
> (C) gave, offered, received, or attempted to obtain money, property, or a promise of money, property, or advantage, for acting or forbearing to act; ...

■ Generally, elements necessary to support actions relating to § 727 of the Code are generally to be liberally construed in favor of a debtor, and strictly against his or her creditor. *In re Greenwalt*, 48 B.R. 804, 805 (D.Colo.1985); *In re Lopez*, 39 B.R. 433, 436 (Bankr.D.R.I.1984). This precept follows from one of the primary purposes of the Code in providing debtors a "fresh start". *In re Cohen*, 47 B.R. 871, 873–72 (Bankr.S.D.Fla.1985).

■ There is a clear and fundamental distinction between the concepts of "discharge" and "dischargeability", with the present matter being a classic example of the alleged nondischargeability of a debt. There is no allegation of the Debtor being engaged in activities "knowingly and fraudulently, *in or in connection with the*

**2.** The Court notes that application of the 120-day time period in the present matter would warrant dismissal of the Plaintiff's complaint, as nearly seven months have passed since its filing. However, as the Bankruptcy Clerk's office was not issuing summonses at the time of filing due to the vacancy on the bench, approximately three months passed before the initial summons was issued. This is time the Plaintiff could have utilized for service had a summons been promptly issued, and the expiration of time herein is clearly due to matters and circumstances over which the Plaintiff had no control. In this regard, the Court believes that reissuance of a summons is prescribed, with the understanding that the same, as well as the complaint, be served upon the Debtor within ten days of issue. If services is properly accomplished, the Debtor would plead in accordance with FBRP 7012(a).

*case."* (emphasis added). Contrary to the assertions of Plaintiff, the "case" concerned with here is the entire legal action commenced with the filing of a bankruptcy petition. 2 *Collier on Bankruptcy,* ¶ 301.-03, p. 301–4 (15th ed. 1985); Donato, *A Practical Guide to Maximizing a Consumer Debtor's Protections Under the Bankruptcy Code,* 90 Com.L.J. 581, n. 8 (Nov. 1985). Plaintiff's allegations, serious and substantial as they may be, relate only to the Debtor's activities *prior to* the filing of his Chapter 7 petition, and are consequently insufficient grounds upon which to ground a denial of discharge. *In re Waldman,* 33 B.R. 328, 330 (Bankr.S.D.N.Y. 1983); *Matter of Ellison,* 34 B.R. 120, 126 (Bankr.M.D.Ga.1983); *In re Lopez,* 39 B.R. at 436. Thus, Debtor's motion for summary judgment, insofar as it concerns Plaintiff's claim pursuant to § 727 of the Code, is granted.

### III. Plaintiff's Motion for Summary Judgment

■ There remains Plaintiff's motion for summary judgment on the nondischargeability of its claim pursuant to § 523(a)(2)(A) and § 523(a)(2)(B). Summary judgment is proper only where there is "no genuine issue as to any material fact," and a party is "entitled to a judgment as a matter of law." FBRP 7056; FRCP 56(c). A court is not to try questions of fact on a motion for summary judgment; rather, it is only to ascertain whether there are issues of fact to be addressed. *Jaroslawicz v. Seedman,* 528 F.2d 727, 731 (2d Cir.1975). Additionally, all doubts or questions concerning the existence of a genuine issue of fact are to be resolved in favor of the party against whom the motion is sought. *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

In the present case, there are several issues of material fact which must be addressed at a trial on the merits. Matters regarding Plaintiff's reliance upon the documents remain unanswered. The intentions of the Debtor in promulgating the documents are unclear. Also, the Court notes the different dates of signing which appear on the documents, raising the ques-

tion of whether the agreement for the loan pre-dated the representations of the Debtor. To grant Plaintiff summary judgment at this juncture would be premature sans answers to these and other questions concerning the relationship of the parties at the time the debt was incurred.

As a consequence of the foregoing, it is ORDERED:

1. Philip A. Riposo's motion to dismiss the complaint of Prudential-Bache Securities, Inc. in its entirety, is denied.

2. The Bankruptcy Clerk shall issue forthwith a new summons, the service of which, together with the complaint, is to be accomplished by Prudential-Bache Securities, Inc. upon Philip A. Riposo within ten (10) days therefrom. Philip A. Riposo shall thereafter plead in accordance with FBRP 7012(a).

3. Philip A. Riposo's *motion for summary judgment insofar as the complaint seeks to deny the discharge of the Debtor pursuant to § 727 of the Code, is granted.

4. Prudential-Bache Securities, Inc.'s motion for summary judgment on the nondischargeability of its claim pursuant to § 523(a)(2)(A) and § 523(a)(2)(B), is denied.