In re Herbert DABOUL, Debtor.

Linda Rivkin KLEINER, Plaintiff,

v.

Herbert DABOUL, Defendant.

Bankruptcy No. 87–40004–JFQ.
Adv. No. 87–4033.

United States Bankruptcy Court,
D. Mass.

Sept. 3, 1987.

Leon Aronson, Aronson & Goldstein, Quincy, Mass., for Linda Rivkin Kleiner.

Irving Widett, Boston, Mass., for Herbert Daboul.

## MEMORANDUM

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

The debtor, Herbert Daboul (the "Debtor"), moves to dismiss the complaint in these proceedings under Bankruptcy Rule 7012(b) and Federal Rule of Civil Procedure 12(b)(5) & (6), alleging insufficient service of process and failure to state a claim upon which relief may be granted. For the reasons set forth herein, we quash the service, but decline to dismiss the complaint.

## I. FACTS

Linda Rivkin Kleiner (the "Creditor"), filed the complaint on April 6, 1987 to determine the dischargeability of a debt represented by a judgment she had obtained against the Debtor. The deadline for filing such complaints was April 9, 1987, 60 days following the first date set for the meeting of creditors.[1] On April 24, 1987, the Creditor attempted to serve the complaint and summons on the Debtor at 65 Florida Drive, Framingham, Massachusetts. The Debtor had listed his residence on his petition as 361 Winch Street, Framingham, Massachusetts. The Debtor received actual notice of the complaint, and appeared at the pretrial conference in this case. At that conference, the Debtor raised the issue of sufficiency of service, and later filed

a motion to dismiss or to order the Creditor to file a more definite statement (Fed.R. Civ.Pro. 12(e)).

The Debtor argues that the Creditor failed to serve him at "his dwelling house or usual place of abode" as required by Fed.R.Civ.Pro. 4(d)(1) (incorporated by Bankr.R. 7004(a)). He states in an affidavit that he resides at the address on his petition and has not lived at Florida Drive (his mother's home) for several years. The Creditor's attorney, however, has filed an affidavit stating that the Debtor maintains a telephone at Florida Drive and that he is listed as the principal account holder at that address. The Creditor maintains that, despite the address listed on the Debtor's petition, the Debtor's real residence is his mother's home.

## II. DISCUSSION

### A. Waiver of Defense

The Creditor asserts that the Debtor, by filing a motion for a more definite statement, has "constructively answered" the complaint and has waived his right to object to proper service. The Creditor asserts that a motion under Fed.R.Civ.Pro. 12(e) is a pleading on the merits of the complaint and, under Massachusetts law, such a pleading vitiates a party's right to contest the propriety of service of process. *See Bateman v. Wood,* 297 Mass. 483, 9 N.E.2d 375 (1937).

This contention is without merit. A complaint to determine dischargeability of a debt is a federal matter and only federal rules of procedure govern it. *See Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (Federal rules of procedure apply in federal courts regardless of the nature of the claims involved). Under Fed.R.Civ.Pro. 12(g), the Debtor *must* consolidate all defenses and objections available to him under Rule 12 or he waives them. Furthermore, we doubt that the situation would be different under the Massa-

---

1. Bankr.Rule 4004(a)

The Court extended the deadline for the trustee in this case to file objections to discharge and dischargeability. Because of our disposition of the present motion, we need to decide whether this extension applied to the Creditor.

chusetts Rules of Civil Procedure. *See* Mass.R.Civ.Pro. 12(g).

## B. Sufficiency of Service of Process

Federal Rule of Civil Procedure 4(d)(1) requires that individuals be served personally or by leaving a copy of the complaint and summons at the individual's "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein...." Bankruptcy Rule 7004(b)(9) gives a plaintiff in an adversary proceeding against a debtor the additional option of service by first class mail on the debtor at the address shown in the petition, with a copy of the summons and complaint sent by first class mail to the debtor's attorney.

■■■ Although Rule 4(d) should be construed liberally when the person served receives actual notice, actual notice alone is not enough to validate the service. The party serving notice has to meet the specific requirements of the rule. *DiLeo v. Shin Shu,* 30 F.R.D. 56, 58 (S.D.N.Y.1961); *see Rovinski v. Rowe,* 131 F.2d 687, 689 (6th Cir.1942). Courts have not attempted to define the terms "dwelling house" or "usual place of abode;" however, most require the serving party to demonstrate more than mere ownership or occasional occupancy in order to show sufficiency of service under Rule 4(d)(1). *Shore v. Cornell–Dubilier Electric Corp.,* 33 F.R.D. 5 (D.Mass.1963). There must be enough of a nexus or identity between the individual served and the place where service was left to demonstrate that the individual considered that place "home" at the time of service. *See Blackhawk Heating & Plumbing Co. v. Turner,* 50 F.R.D. 144 (D.Ariz.1970). Each case must turn on its own particular facts in this inquiry. *Capital Life Insurance Co. v. Rosen,* 69 F.R.D. 83 (E.D.Pa.1975).

■■■ In this case, no such nexus has been established. The Debtor furnished an address on his petition which the Creditor should not have been so quick to discount as the Debtor's residence. In fact, under the method of service in Bankr.R. 7004(b)(9), the Debtor would arguably be

estopped from claiming a defect in service if served at the address listed on his petition. *Cf. Teitelbaum v. Equitable Handbag Co. (In re Outlet Department Stores),* 49 B.R. 536 (Bankr.S.D.N.Y.1985) (creditor who filed proof of claim cannot claim defective service when served at the prominent address on the proof of claim). The mere existence of a different address in the telephone directory is not enough to establish a different residence for the Debtor. Most courts have required more indicia of residence than just a directory listing. *See Rovinski v. Rowe,* 131 F.2d 687 (6th Cir. 1942) (defendant kept telephone in own name at mother's home, stored clothes and belongings there, and testified that he always had considered house "home" despite different residences); *Blackhawk Heating & Plumbing Co. v. Turner,* 50 F.R.D. 144 (D.Ariz.1970) (defendant had telephone listing, owned furniture and auto left at residence, and never left any forwarding address); *Shore v. Cornell–Dubilier Electric Corp.,* 33 F.R.D. 5 (D.Mass.1963) (service not good when defendant lived in New Jersey, merely owned a house in Massachusetts, and used the house only on business trips to nearby factory). We hold that the Creditor did not meet the requirement of Rule 4(d)(1) that the Debtor be served at his dwelling house or usual place of abode.

## C. Motion to Dismiss Under Rule 12(b)(5).

■■■ Federal Rule of Civil Procedure 12(b)(5) (as incorporated by Bankr.R. 7012(b)) provides that a responding party may move to dismiss a complaint due to insufficiency of service of process. This Court, however, is not *required* to dismiss a complaint if service of process is set aside. In its discretion, it may treat the motion to dismiss as a motion to quash service and retain the case, especially when a reasonable prospect exists that proper service may still be obtained and the defendant would suffer no real harm if the service was cured. *See Novak v. World Bank,* 703 F.2d 1305, 1310 (D.C.Cir.1983); *Haley v. Simmons,* 529 F.2d 78, 70 (8th Cir.1976); *Grammenos v. Lemos,* 457 F.2d

1067, 1070–71 (2d Cir.1972); *Richardson v. Ingram Corp.,* 374 F.2d 502, 503 (3d Cir. 1967). Although the Debtor is of course harmed by our refusal to dismiss the Creditor's complaint in that dischargeability complaints are now time barred, the cases cited concentrate on prejudice to the defendant in a due process sense. This involves two inquiries. The first is jurisdictional: is the court, by allowing the plaintiff another opportunity of proper service, enabling the plaintiff to reach a defendant whom he could not properly serve before with the method chosen? The second inquiry focuses on whether the defendant is prejudiced now by the lack of notice in the original defective service.

■■■■ Both concerns are satisfied here. There is no doubt that the Debtor at all relevant times could and still can be properly served at his domicile or place of abode, especially given the extremely liberal provisions of Bankr.R. 7004. *Compare* Bankr. R. 7004(f) *with* Fed.R.Civ.Pro. 4(j). We also cannot see how the Debtor would be prejudiced by lack of notice if we allow the Creditor to cure service. The complaint was filed before the deadline set for filing such complaints. Bankruptcy Rule 4004(a) focuses on when a complaint is filed with the clerk, not on when a debtor receives notice of a complaint through service of process. *See Hasbrouck v. Valeu (In re Valeu),* 53 B.R. 549 (Bankr.D.N.D.1985). In addition, we note that the Debtor did receive prompt actual notice of the complaint. The Debtor has no absolute right to dismissal of the complaint under Rule 12(b)(5), and we find no bad faith in the Creditor's improper service here. Finally, the retention of this proceeding in these circumstances is consistent with the general goals of the Federal Rules of Civil Procedure and the Bankruptcy Rules. To dismiss the Creditor's complaint in these circumstances would elevate the technicalities of service of process over the reality that the Debtor can be served properly and that he has had actual notice of the complaint despite the improper service. Most important, a dismissal of the complaint would operate as an absolute bar to the Creditor's cause of action because the time for filing such complaint has now expired. We prefer to follow a path that leads to the "just, speedy, and inexpensive determination" of this action. Fed.R.Civ.Pro. 1; *see* J. Moore, *Moore's Federal Practice* ¶ 1.13[1] (2d ed. 1987).

An order shall issue today quashing the improper service. The Creditor has asked for leave to amend her complaint, and we grant that request. The Creditor shall amend her complaint within 10 days of the date of this memorandum and order. In view of this leave to amend, we decline to rule on the Debtor's Rule 12(b)(6) motion. The Creditor shall have an additional 10 days after the issuance of a new summons to properly serve the Debtor. If the Debtor is not properly served within that time period, the complaint shall be dismissed with prejudice. The Debtor will have 20 days after he is served to file an answer.

SO ORDERED.