Robert SOLIS, Plaintiff,

v.

Donna SHALALA, Secretary of Health
and Human Services, Defendant.

No. 1:93–CV–169–C.

United States District Court,
N.D. Texas,
Abilene Division.

April 26, 1994.

Melissa Romine, Abilene, TX, for plaintiff.

Claude Brown, Asst. U.S. Atty., Ft. Worth, TX, for defendant.

### ORDER GRANTING EXTENSION OF TIME FOR COMPLETION OF SERVICE OF PROCESS

WARNICK, United States Magistrate Judge.

The original Complaint was filed on November 19, 1993. Thus, under the present Rule 4(m), Federal Rules of Civil Procedure, service of process should have been completed on or before Friday, March 18, 1994. As a result of the failure of the Plaintiff to file any documentation with the Court satisfying the dictates of Rule 4(m), supra, an Order to Show Cause Why The Complaint Should Not Be Dismissed pursuant to that Rule, was issued. The Plaintiff has responded with a Motion seeking an extension of time for purposes of completing service of process.

Plaintiff's attorney alleges in the Motion the circumstances preventing proper service before March 18, 1994, were both unforeseen and uncontrollable. As an example, grounds of those unforeseen and uncontrollable circumstances counsel lost an experienced secretary, used temporary help for one month, hired a new secretary who required training, and was in the process of moving the solo practitioner's law office. Counsel concedes secretarial error is not a ground. Counsel suggests it was her responsibility and obligation. Counsel has cited several cases to the Court for the proposition the term good cause should encompass the circumstances in the present case. Counsel has set out no specific factual allegations, but only general conclusory allegations. It is not stated the precise date on which the experienced secretary quit. No definite date for the move as to when it was begun and completed is given. In all of the cases cited by the Plaintiff it is stated unequivocally lawyer inadvertence or negligence is not a basis for good cause. In *Gallien v. Guth Diary, Inc.*, 136 F.R.D. 110 (W.D.La.1991), it was held the use of a temporary secretary was not a statement of good cause.

Although not even mentioned or pled by the attorney for the Plaintiff, Rule 4(j), Federal Rules of Civil Procedure, has been amended. In the Court's Order of Show Cause it was not noted it is now Rule 4(m) and not Rule 4(j). The Amendment was effective on December 1, 1993. While this was several days after the original filing of the Petition, at least the Rule was effective on that date. The Rule now states the Court upon Motion or its own initiative after notice to the Plaintiff shall dismiss the action WITHOUT PREJUDICE as to the Defendant. The Rule further provides if the Plaintiff shows good cause for the failure the Court shall extend the time for service for an appropriate period.

One of the major problems with the operation of previous Rule was if the dismissal took place after the expiration of a Statute of Limitations, then whether it was dismissed with prejudice or without prejudice would be immaterial, as the action could be barred in the future. The Fifth Circuit has repeatedly held the possibility of a Statute of Limitations bar does not preclude the dismissal under Rule 4, *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985). However, it appears the Rule was amended to in part avoid the harshness of this operation. In the Commentaries for the Rules it is stated, "Relief may be justified, for example, if the applicable Statute of Limitations would bar the refiled action, . . ." In this instance this is a Social Security claim, and there are only 65 days available under the appropriate Statute of Limitations from the final decision of the Secretary of Health and Human Services to the filing of a complaint in the District Court, *Flores v. Sullivan*, 945 F.2d 109 (5th Cir.1991), and 2D CFR 422.210(c). Thus, if this complaint was dismissed, then Plaintiff would be precluded from refiling the claim without facing the possibility of a Statute of Limitations bar, *McGinnis v. Shalala*, 2 F.3d 548 (5th Cir. 1993). Although not pled by the Plaintiff, it thus appears equity is available to protect the interest of the Social Security claimant in this instance.

It is, therefore, Ordered an extension of time to acquire service of process is granted. Plaintiff is granted until on or before May 16, 1994, to complete service of process on the Secretary of Health and Human Services. It is, further Ordered there shall be filed with the Court within this time frame, and on or before May 16, 1994, the appropriate documentation showing the successful completion of service of process on the Secretary of Health and Human Services.

The Clerk will furnish a copy hereof to any party appearing *pro se* and to each attorney of record by first class mail.