**In re Ali R. HAMRAH, Debtor.**

**Mary J. SMITH, Plaintiff,**

**v.**

**Ali R. HAMRAH, Defendant.**

**Bankruptcy No. 94–20168–2.
Adv. No. 94–2014–2.**

**United States Bankruptcy Court,
W.D. Missouri.**

**Nov. 10, 1994.**

Carolyn E. Matthews, Columbia, MO, for plaintiff.

Victor Tell Neff, Jefferson City, MO, for defendant.

### ORDER DENYING DEBTOR/DEFENDANT'S MOTION TO DISMISS

FRANK W. KOGER, Chief Judge.

This matter is before the Court on the motion filed by debtor/defendant Ali R. Hamrah to dismiss Mary J. Smith's amended complaint objecting to discharge. Hamrah bases his motion on the failure of Smith's counsel to serve the summons and complaint within ten days of issuance of the summons as required by Fed.R.Bankr.P. 7004(f).

## FACTS

On March 16, 1994, Hamrah filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code. The deadline to file a complaint objecting to discharge or to determine dischargeability of certain types of debt was June 21, 1994. On June 21, 1994, Smith filed a complaint under 11 U.S.C. § 523(a)(4) objecting to Hamrah's discharge.

Fed.R.Bankr.P. 7004(f) states:

If service is made pursuant to Rule 4(d)(1)–(6) FR Civ P it shall be made by delivery of the summons and complaint within 10 days following issuance of the summons. If service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons. If a summons is not timely delivered or mailed, another summons shall be issued and served.

The summons was issued on June 22, 1994, however, Smith's counsel failed to comply with Fed.R.Bankr.P. 7004(f). Smith subsequently filed a motion to file an amended complaint. Hamrah filed a motion to dismiss or in the alternative to quash summons based upon the procedural defect in service. In an order signed September 23, 1994, the Court denied Hamrah's motion to dismiss, granted Hamrah's motion to quash, and granted Smith's motion to file an amended complaint. The Court directed the Clerk of the Bankruptcy Court to issue a new summons upon the filing of the amended complaint, and ordered Smith to comply with Fed.R.Bankr.P. 7004(f) or her complaint would be dismissed with prejudice.

Smith filed her amended complaint on September 23, 1994. The summons was issued on that date. In what the Court can only characterize as complete incompetence, Smith's counsel again failed to comply with the requirements of Fed.R.Bankr.P. 7004(f), which precipitated a second motion filed by Hamrah to dismiss the amended complaint for the procedural defect in service.

Smith's counsel has withdrawn from representation and Smith has since hired new counsel. Smith points out that the bar date by which to file dischargeability complaints has passed and if the Court dismisses her complaint she will be prevented from refiling her action. Smith requests that the Court deny Hamrah's motion to dismiss.

## DISCUSSION

Several courts that have construed Fed.R.Bankr.P. 7004(f) have noted that the Rule does not limit the number of summonses a plaintiff may receive for the purpose of curing defective service. See, e.g. In re Campbell, 105 B.R. 19, 21 (9th Cir. BAP 1989); In re Riposo, 59 B.R. 563, 566 (Bankr.N.D.N.Y. 1986); In re Dahowski, 48 B.R. 877, 884 (Bankr.S.D.N.Y.1985).

In 1987, Fed.R.Bankr.P. 7004(a) was amended to provide that the time limit for service of the summons and complaint set forth in Fed.R.Civ.P. 4(j), now Fed.R.Civ.P. 4(m), shall be applicable in adversary proceedings. Former Fed.R.Civ.P. 4(j) stated in relevant part that:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Even before the 1987 amendment to Fed.R.Bankr.P. 7004, the bankruptcy courts looked for guidance to Fed.R.Civ.P. 4(j) and determined that in spite of the apparent unlimited number of times the summons could be reissued under Fed.R.Bankr.P. 7004(f), service of the summons must be accomplished within 120 days from the filing of the adversarial complaint. See In re Terzian, 75 B.R. 923, 926 (Bankr.S.D.N.Y.1987); Riposo, 59 B.R. at 567; Dahowski, 48 B.R. at 884.

Here, more than 120 days have passed since the complaint was filed on June 21, 1994. "Under Fed.R.Civ.P. 4(j), if a plaintiff fails to properly serve a named defendant within 120 days after filing a complaint, he must show 'good cause why such service was not made within that period' or face dismissal." Benjamin v. Grosnick, 999

F.2d 590, 591 (1st Cir.1993), *cert. denied Grosnick v. Embriano,* —— U.S. ——, 114 S.Ct. 1057, 127 L.Ed.2d 377 (1994). "Good cause" under Rule 4(j) does not include the oversights or incompetence of counsel and litigants are bound by the conduct of their attorneys, absent egregious circumstances. *Wei v. State of Haw.,* 763 F.2d 370, 372 (9th Cir.1985); *Delicata v. Bowen,* 116 F.R.D. 564, 566 (S.D.N.Y.1987). The plaintiff's remedy for attorney negligence or incompetence in failing to comply with Fed.R.Civ.P. 4(j) is a malpractice action. *Id.* at 567.

In 1993, Fed.R.Civ.P. 4 was amended. The time limit for service of the summons and complaint formerly found in Rule 4(j) is now located in Rule 4(m), which states in pertinent part:

> If the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time;* provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. (Emphasis added.)

The amendment took effect on December 1, 1993, and by "an April 22, 1993, order of the United States Supreme Court, the amended rules govern all proceedings after December 1, 1993, and 'insofar as just and practicable,' all proceedings then pending." *Cargill Ferrous Int'l, a Div. of Cargill, Inc. v. M/V Elikon,* 154 F.R.D. 193, 195 (N.D.Ill. 1994).

The time limit for service set forth in Fed.R.Civ.P. 4(m) applies here. In *In re Chambers Dev. Securities Litig.,* 848 F.Supp. 602, 628 (W.D.Pa.1994), the United States District Court for the Western District of Pennsylvania observed that:

> The Notes of Advisory Committee on the 1993 Amendments to the Federal Rules of Civil Procedure explicitly state that the new subdivision (m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b)." Fed.R.Civ.P. 4(m), Notes of Advisory Committee (West 1993 Supplement).

In *Momah v. Albert Einstein Medical Ctr.,* 158 F.R.D. 66 (E.D.Pa.1994), the United States District Court for the Eastern District of Pennsylvania noted that:

> Rule 4(m) went into effect on December 1, 1993, replacing the former Rule 4(j). Under the old rule, a federal district court was required to dismiss a case if service of process was effected after the expiration of the 120 day period, unless the plaintiff showed good cause for the delinquency. The newly adopted rule affords the court a measure of discretion in evaluating cases where service of process is not completed before the expiration of 120 days, permitting either dismissal or an extension of the time in which service of process may be achieved, even without a showing of good cause.... Accordingly, and pursuant to Rule 4(m), if this Court finds that Dr. Momah failed to effectuate service of process within 120 days of the filing of the complaint, it may, in its discretion, either dismiss the action without prejudice or extend the time within which Dr. Momah must serve AEMC with the summons and complaint. The court must, however, extend the time for service if it finds that good cause existed for Dr. Momah's failure to achieve service of process within the prescribed time.

*Id.* at 68.

In *Solis v. Shalala, Secretary of Health and Human Serv.,* 157 F.R.D. 396 (N.D.Tex. 1994), the United States District Court for the Northern District of Texas was presented with a situation in which a social security claimant failed to effectuate service of the summons and complaint within 120 days of the filing of the complaint. The defendant filed a motion to dismiss the action based upon this procedural defect. If the district court dismissed the lawsuit, the plaintiff's action would be barred under the 65–day time limit in which to appeal a final decision of the Secretary of Health and Human Ser-

vices to the district court. The district court acknowledged that Fed.R.Civ.P. 4(m):

> now states the Court upon Motion or its own initiative after notice to the Plaintiff shall dismiss the action WITHOUT PREJUDICE as to the Defendant. The Rule further provides if the Plaintiff shows good cause for the failure [to serve the summons and complaint within 120 days] the Court shall extend the time for service for an appropriate period.
>
> One of the major problems with the operation of previous Rule [4(j)] was if the dismissal took place after the expiration of a Statute of Limitations, then whether it was dismissed with prejudice or without prejudice would be immaterial, as the action could be barred in the future.... However, it appears the Rule was amended to in part avoid the harshness of this operation. In the Commentaries for the Rules it is stated, "Relief may be justified, for example, if the applicable Statute of Limitations would bar the refiled action, . . ."

*Id.* at 397.

The court continued:

> In this instance this is a Social Security claim, and there are only 65 days available under the appropriate Statute of Limitations from the final decision of the Secretary of Health and Human Services to the filing of a complaint in the District Court.... Thus, if this complaint was dismissed, then Plaintiff would be precluded from refiling the claim without facing the possibility of a Statute of Limitations bar.... Although not pled by the Plaintiff, it thus appears equity is available to protect the interest of the Social Security claimant in this instance.
>
> It is, therefore, Ordered an extension of time to acquire service of process is granted.

*Id.*

 Here, if the Court dismisses the adversary action, Smith will be barred from filing another complaint objecting to Hamrah's discharge. *See* Fed.R.Bankr.P. 4007(c); Fed.R.Bankr.P. 9006(b)(3). This situation is exactly the type of circumstance contemplat-

ed by the amendment to Fed.R.Civ.P. 4 as reflected in the Advisory Committee Notes. The Court will not punish Smith for her prior counsel's incompetence by dismissing her action. As the bankruptcy court in *In re Daboul,* 82 B.R. 657, 661 (Bankr.D.Mass.1987), pointed out: "To dismiss the . . . complaint in these circumstances would elevate the technicalities of service of process over the reality that the Debtor can be served properly and that he has had actual notice of the complaint despite the improper service." The Court will direct the Clerk of the Bankruptcy Court to issue a new summons pursuant to Fed.R.Bankr.P. 7004(f) upon Smith's request. Under Fed.R.Civ.P. 4(m), the Court will extend the time in which Smith may complete service of process on Hamrah.

The Court will entertain a motion to join Sam Kardon as a defendant after Smith shows that she has properly served Hamrah in this action.

### CONCLUSION

Based on the above discussion, Hamrah's motion to dismiss is DENIED. The Court GRANTS Smith an extension of time to complete service of process. The Clerk of the Bankruptcy Court shall issue a new summons upon Smith's request. Smith is GRANTED ten (10) days from the date of this order to make such a request. Smith shall have ten (10) days from the date the summons is issued to complete service of process on Hamrah. Hamrah shall have twenty (20) days after he is served to file an answer.

The foregoing Memorandum Order constitutes Findings of Fact and Conclusions of Law as required by Fed.R.Bankr.P. 7052.

So ORDERED.