In re James Edmund DERESINSKI, and Beverley Ann Deresinski, Debtors.

**FLORIDA OUTDOOR EQUIPMENT, INC., a Florida Corporation, Plaintiff,**

v.

**James Edmund DERESINSKI, Defendant.**

**Bankruptcy No. 96–7363–BKC–3P7. Adversary No. 97–95.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

*Nov. 3, 1997.*

Michael J. Appleton, Winter Park, FL, for Plaintiff.

Ronald Bergwerk, Jacksonville, FL, for Defendant.

## *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon Defendant's Motion to Dismiss Complaint to Determine Dischargeability, for failure to make effective service pursuant to Federal Rule of Civil Procedure 4(m), made applicable by Federal Rule of Bankruptcy Procedure 7004(a). After considering the pleading, briefs and arguments made at the hearing held on October 1, 1997, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On November 25, 1996, James Edmund Deresinski (Defendant) and Beverley Ann Deresinski filed a voluntary joint petition for relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. §§ 101–1330 (1997).

2. On March 25, 1997, Florida Outdoor Equipment, Inc. (Plaintiff), filed a complaint to determine dischargeability. Plaintiff alleges that Defendant misappropriated $32,-735.92 from the sale of goods and merchandise subject to a security interest held by Plaintiff, in violation of 11 U.S.C. §§ 523(a)(4) and 523(a)(6). March 25, 1997, was also the bar date for filing complaints to determine dischargeability pursuant to Federal Rule of Bankruptcy Procedure 4007(c). FED. R.BANKR.P. 4007(c) (1997).

3. The Clerk issued an alias summons and notice of pretrial conference on April 28, 1997. The summons and complaint were served on Defendant by first class mail on May 14, 1997.

4. A pretrial conference was held on June 4, 1997, at which time Plaintiff's counsel was informed that the attempted service was untimely. Plaintiff made no further attempts to serve Defendant.

5. On August 8, 1997, Defendant filed a motion to dismiss because service had not been effected within 120 days from the filing of the complaint, pursuant to Federal Rule of Civil Procedure 4(m), made applicable by Federal Rule of Bankruptcy Procedure 7004(a).

6. Plaintiff filed a response on August 25, 1997, admitting to the untimely service and requesting an additional ten days in which to secure and serve an alias summons.

7. The Court held a hearing on Defendant's motion to dismiss on October 1, 1997. At the hearing, Plaintiff acknowledged that there was no good cause for its failure to timely serve Defendant. However, Plaintiff contends that in the absence of good cause, the Court has the discretion to grant Plaintiff additional time to effect proper service. Plaintiff maintains that such discretion is appropriate because the bar date for determining dischargeability has passed, and dismissal of the complaint would effectively be with prejudice, thereby precluding a determination of the complaint on the merits.

8. Defendant argues that discretionary relief should not be afforded because Plaintiff made no reasonable effort to serve the complaint within the 120 day time period.

## CONCLUSIONS OF LAW

The Court will first address whether Federal Rule of Civil Procedure 4(m), made applicable by Federal Rule of Bankruptcy Procedure 7004(a), permits a court to extend the time for service of process, even in the absence of good cause.[1] Rule 4(m) provides:

---

1. Federal Rule of Bankruptcy Procedure 7004(a) provides that the time limit for service of the summons and complaint, set forth in Federal Rule of Civil Procedure 4(m), applies in adversary proceedings. FED.R.BANKR.P. 7004(a) (1997).

if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED.R.CIV.P. 4(m) (1997).

The Third Circuit was the first federal appellate court to consider whether Rule 4(m) grants courts the discretionary authority to extend the time for service, even in the absence of good cause. *See Petrucelli v. Bohringer and Ratzinger, GMBH, et al.,* 46 F.3d 1298 (3d Cir.1995). In *Petrucelli,* the Third Circuit held "[w]e read the new rule to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause." *Id.* at 1305. The court relied primarily on the Advisory Committee's explanation of Rule 4(m): "[t]he new subdivision explicitly provides that the court shall allow additional time, if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown.*" FED.R.CIV.P. 4(m) advisory committee's note (1993) (emphasis added).

Several circuits have followed the rationale of *Petrucelli,* concluding that Rule 4(m) grants courts the discretionary authority to extend the time for service of process, even in the absence of good cause. *See e.g., Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340 (7th Cir.1996) (holding that if good cause does not exist, the court has the discretion to either dismiss the action without prejudice, or direct that service be effected within a specified time); *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996) (holding that the plain language of the rule broadens a court's discretion to extend time for service, even if good cause has not been shown); *Espinoza v. United States,* 52 F.3d 838, 840–41 (10th Cir.1995) (holding that an extension

of time in which to serve process may be granted, despite the absence of good cause).

After examining the case law, the plain language of Rule 4(m), and the Advisory Committee notes, the Court concludes that it has the discretionary authority to extend the time for service of process, even if no good cause is shown. Now the Court must determine whether it should exercise that discretion and grant Plaintiff additional time in which to secure and serve an alias summons.

First, it should be noted that Rule 4(m) provides that if dismissal of the action is deemed appropriate, it is to be without prejudice. FED.R.CIV.P. 4(m) (1997). In the instant action, dismissal would essentially be with prejudice, because the deadline for filing a dischargeability complaint passed on March 25, 1997. As a result, Plaintiff contends that an extension of time for service of process is appropriate in the instant case.

The Advisory Committee notes discussing Rule 4(m) mention that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . .". FED.R.CIV.P. 4(m) advisory committee's note (1993). Although, the bar date is not technically considered a statute of limitations, the fact that it prevents the filing of a complaint to determine dischargeability beyond a certain date, causes it to operate in effectively the same manner. *See* FED.R.BANKR.P. 4007(c) (1997); FED.R.BANKR.P. 9006(b)(3) (1997).

Other bankruptcy courts have also taken the position that a bar date functions in much the same way as a statute of limitations. For example, in *In re Hamrah,* 174 B.R. 109 (Bankr.W.D.Mo.1994), the court had to determine whether to exercise its discretion under Rule 4(m) and grant the plaintiff additional time to effect service, based upon the fact that the bar date for filing dischargeability complaints had passed. Referring to the Advisory Committee notes' discussion of statutes of limitations, the court held that "[t]his situation is exactly the type of circumstance contemplated by the amendment to Fed. R.Civ. P. 4 . . .". *Id.* at 112. Accordingly, the defendant's motion to dismiss was de-

**38**

nied, and the plaintiff was given additional time to effect service. A similar outcome was reached in *In re Ferguson*, 204 B.R. 202, 209 (Bankr.N.D.Ill.1997), where it was held that although not mandatory for a court to extend the deadline solely because of the running of the bar date, " 'the fact that a suit cannot be resolved on the merits is a factor that must be given close attention.' " (citing *Panaras*, 94 F.3d at 341).

In light of the Advisory Committee's recommendation to grant discretionary relief when an applicable statute of limitations bars future refiling of an action, and the lack of a discernable difference between statutes of limitations and bar dates, the Court finds that discretionary relief in the instant case is appropriate. Plaintiff should not be precluded from pursuing its claims solely because of the actions of its counsel. Moreover, the Court adopts the view of the bankruptcy court in *In re Daboul*, 82 B.R. 657, 661 (Bankr.D.Mass.1987), which pointed out that: "To dismiss the . . . complaint in these circumstances would elevate the technicalities of service of process over the reality that the Debtor can be served properly and that he has had actual notice of the complaint despite the improper service."

## CONCLUSION

The Court denies Defendant's Motion to Dismiss Complaint to Determine Dischargeability. The Court grants Plaintiff an additional ten days to secure and serve an alias summons on Defendant. The Court will enter an Order consistent with these Findings of Fact and Conclusions of Law.