In re Richard Scott FERGUSON, Debtor.

Barbara KADLECEK, Plaintiff,

v.

Richard Scott FERGUSON, Defendant.

Bankruptcy No. 96 B 04422.
Adversary No. 96 A 00677.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

July 31, 1997.

Timothy P. Whelan, Wheaton, IL, for Plaintiff.

William A. Lester, Lombard, IL, for Defendant.

### MEMORANDUM OPINION ON DEFENDANT'S MOTION TO VACATE ORDER OF JANUARY 28, 1997, AND DISMISS COMPLAINT

JACK B. SCHMETTERER, Bankruptcy Judge.

This adversary proceeding relates to a bankruptcy case filed by Richard Scott Ferguson ("Debtor" or "Defendant") under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* The adversary complaint seeks to have a debt that is allegedly owed to Plaintiff Barbara Kadlecek declared non-dischargeable pursuant to Code sections 523(a)(2)(A) and (a)(6).

Although summons was timely served, the method of service did not comply with requirements. Debtor therefore moved earlier to have the complaint dismissed with prejudice due to improper service of process. That motion was filed after Plaintiff's 120–day time period to serve summons had expired under Fed.R.Bankr.P. 7004. In response to that motion and recognizing that earlier service had been defective, Plaintiff moved for enlargement of time to serve process. On January 28, 1997, for reasons stated, an order was entered denying Debtor's motion to dismiss and granting Plaintiff's motion to enlarge time for service of process. *See Kadlecek v. Ferguson,* 204 B.R. 202 (Bankr.N.D.Ill.1997). Summons has since been re-served and the method of service has not been attacked here.

On March 26, 1997, Debtor filed his present motion to vacate the Order of January 28 and to dismiss the complaint and suit. On March 28, 1997, an order was entered setting a briefing schedule. Debtor was to brief the motion by April 25, 1997; Plaintiff was to respond by May 9, 1997. Plaintiff, however, failed to respond until May 22, 1997, and therefore his response was stricken as untimely. Nonetheless, for reasons set forth below, Debtor's motion to vacate the Order of January 28 and to dismiss for lack of jurisdiction is denied.

### DISCUSSION

At the time this matter was taken under advisement on Defendant's original motion to dismiss, Fed.R.Bankr.P. 7004 provided that the applicable subdivisions of Fed.R.Civ.P. 4 were those in effect on January 1, 1990. Fed.R.Bankr.P. 7004 was amended effective December 1, 1996, and now provides that the current version of Fed.R.Civ.P. 4 applies. Debtor argues that in support of the January 28 ruling this Court erroneously applied the amended version of Fed.R.Bankr.P. 7004.

Debtor also argues that the earlier ruling was erroneous in holding Plaintiff to have shown excusable neglect and that Debtor was not prejudiced. Finally, Debtor argues that Fed.R.Civ.P. 4(m) and Fed.R.Bankr.P. 7004 as amended violate the Bankruptcy Rule Enabling Act and are unenforceable on grounds that the amended rules enlarge rights of the Plaintiff and abridge and modify Debtor's rights.

■ While final judgments and orders are subject to the requirements of Fed. R.Bankr.P. 9023 and 9024, making Fed. R.Civ.P. 59 and 60 applicable in adversary proceedings, no final order was entered herein. Rather, the instant motion "must be considered to be directed to the court's inherent power to modify or rescind interlocutory orders prior to final judgment." *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985). A court may grant a motion to reconsider an interlocutory order "as justice requires." *Wimberly v. General Motors Corp.*, 1997 WL 30960, *1 (N.D.Ill. Jan.17, 1997). Such orders may be reconsidered at any time prior to judgment. *Cameo Convalescent Center, Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir.1986).

### 1. *Service of Process under Rule 7004*

■ Fed.R.Bankr.P. 7004 dictates rules for service of process and also dictates which sections of Fed.R.Civ.P. 4 apply to adversary proceedings. Prior to December 1, 1996, the Bankruptcy Rules provided that the applicable subdivisions of Fed.R.Civ.P. 4 would be those in effect on January 1, 1990, notwithstanding any amendment to the Federal Rules of Civil Procedure. Effective December 1, 1996, the Bankruptcy Rules were amended to abrogate that provision. As effective on January 1, 1990, the earlier Fed. R.Civ.P. 4(j) read:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause for why such service was not made within that period, *the action shall be dismissed as to that defendant without prejudice* upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j) (1993) (emphasis added). Effective December 1, 1993, Fed.R.Civ.P. 4 was amended and subdivision (j) was amended and redesignated as subdivision (m). Fed.R.Civ.P. 4(m) reads:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, *shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time;* provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (emphasis added). Thus, it is no longer mandatory that a court dismiss an action solely because of a lack of good cause. Rather, the trial court now has discretion either to dismiss, or to direct that service of summons be effected within a specified time, or if good cause be shown to extend the time for service. However, Debtor argues that Plaintiff did not show "good cause" for tardy service, that the former Fed.R.Civ.P. 4(j) applies to this proceeding, and therefore the complaint and suit should have been dismissed.

Under 28 U.S.C. § 2075 ("Bankruptcy Rule Enabling Act"), the United States Supreme Court has power to prescribe bankruptcy rules which do not "abridge, enlarge, or modify any substantive right." Pursuant to that power, the Supreme Court created and then amended the Bankruptcy Rules including Rule 7004. In enacting the amendment that became effective December 1, 1996, the Court ordered, "[t]hat the foregoing amendments to the Federal Rules of Bankruptcy Procedure shall take effect on December 1, 1996, and shall govern all proceedings in bankruptcy cases thereafter commenced *and, insofar as just and practicable, all proceedings in bankruptcy cases then pending.*" Order of Supreme Court (1996 Amendments), reprinted in Norton Bankruptcy Law and Practice 2d, Bankruptcy Rules at cxxii (emphasis added). Thus, with amendment of Bankruptcy Rule 7004, the

current version of Fed.R.Civ.P. 4(m) may be applied to pending matters such as this adversary proceeding. It is both just and practicable that such be done.

## 2. *Excusable Neglect*

■ The January 28, 1997, Memorandum Opinion discussed both Rule 4(j) and Rule 4(m). It was determined that good cause existed for denying dismissal and extending the 120–day period regardless of whether amended Rule 7004 applied. As stated therein, Plaintiff's attorney's office was flooded during a portion of the relevant time period, necessitating the relocation of counsel's files and equipment; counsel's paralegal abruptly left the country leaving much of her work unperformed; and counsel was unaware that timely service had not been proper. Even though these factors do not explain the omissions of Plaintiff's counsel on each day within the 120–day period applicable to him, they sufficiently demonstrated excusable neglect permitting the extension of the time period under Fed.R.Bankr.P. 9006(b). The Supreme Court has held that excusable neglect "encompasses both simple faultless omissions to act and, more commonly, omissions caused by carelessness," *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 388, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993), unless the adverse party can show prejudice.

## 3. *Good Cause*

■ Debtor further argues that, even if Fed.R.Civ.P. 4(m) is applicable, Plaintiff's complaint should still have been dismissed because Plaintiff's ignorance of requirements for service of summons under the rules does not constitute good cause, citing *Tuke v. United States,* 76 F.3d 155, 157 (7th Cir. 1996). In *Tuke,* the plaintiff learned during the pendency of the 120–day period that proper service of process had not been effectuated, yet still delayed until well after the 120–day period expired before effectuating proper service. Here, Plaintiff's counsel has offered several problems, most of which were beyond counsel's control, explaining his failure to effectuate timely service. Moreover, Plaintiff's counsel did not realize his technical failure to make good service through his original effort until after the 120–day period had run. Fed.R.Civ.P. 4(m), as presently applicable through Fed.R.Bankr.P. 7004, allows a court not only to extend the 120–day period on a showing of good cause, but also to direct that service be effected within a specified time without a showing of good cause. While good cause was shown here, it was not required.

## 4. *Lack of Prejudice*

■ Debtor also argues that the earlier opinion erroneously concluded that he was not prejudiced by Plaintiff's delay. Although now arguing that he never had opportunity to address the manner in which he was materially prejudiced during the context of the preceding motions, Debtor never sought leave to expand upon his prior filings. Moreover, Debtor's understanding of the concept of prejudice is flawed. He argues prejudice from Plaintiff's delay in serving summons because "this matter still appears on Dun and Bradstreet business reports and on other credit reports as 'pending litigation.' " Debtor's Motion to Vacate at 9–10. Debtor argues that this, combined with his continuing attorney's fees, hampers his ability to make a fresh start and support his family. *Id.*

■ Prejudice, as used in the context of litigation delays, contemplates loss of evidence, unavailability of witnesses, or some other material alteration caused by the delay which prevents a party from presenting his or her case. *Mathon v. Marine Midland Bank, N.A.,* 875 F.Supp. 986, 993 (E.D.N.Y. 1995) ("real prejudice is evidenced by the loss of evidence, the unavailability of witnesses or roadblocks to discovery."); *see generally, Hawxhurst v. Pettibone Corp.,* 40 F.3d 175, 181–82 (7th Cir.1994). No such prejudice has been shown.

## 5. *Bankruptcy Rule Enabling Act not Violated*

■ Debtor argues further that application of the amended Rule 7004 to this pending matter would violate the Bankruptcy Rule Enabling Act pursuant to 28 U.S.C.2075 which provides "[t]he Supreme Court shall have the power to prescribe by general rules, the form of process, writs, pleadings, and

**790**

motions, and the practice and procedures in cases under title 11. *Such rules shall not abridge, enlarge, or modify any substantive right.*" 28 U.S.C.2075 (emphasis added).

Debtor suggests that the amendments to Fed.R.Bankr.P. 7004 and Fed.R.Civ.P. 4 were not merely procedural changes, but actually affected the substantive rights of the parties because the amendment "allows the Plaintiff to violate the 120–day rule and still be able to maintain her action." Debtor's Motion to Vacate at 12. The former rule, Debtor argues, would have allowed the Debtor to be "free from the burden of litigation brought by a vengeful creditor." *Id.*

 However, the rule changes in question were procedural and did not change substantive rights. The Supreme Court interprets "procedural" "broadly to include 'matters which relate to the administration of legal proceedings.'" *Matter of Decker,* 595 F.2d 185, 189 n. 4 (3rd Cir.1979) (citing *Hanna v. Plumer,* 380 U.S. 460, 472, 85 S.Ct. 1136, 1145, 14 L.Ed.2d 8 (1965)). Clearly the change in Rule 7004 related to administration of adversary proceedings and was a procedural rather than a substantive amendment. Moreover, merely because an amendment to a statute or rule "changes" that statute or rule does not by itself violate the Rule Enabling Act. If that were so, no rule amendments would ever be possible.

Debtor argues that the 120–day period provided in Fed.R.Civ.P. 4(j) within which summons may be served is actually a statute of limitations which Debtor defines as a "statute prescribing limitations to the right of action of certain described causes of action; that is, declaring that no suit shall be maintained on such causes of action *unless brought* within a specified period after the right accrued." Debtor's Support Memorandum at 4 (citing Black's Law Dictionary, 4th ed., 1077) (emphasis added).

However, Fed.R.Civ.P. 4(j) is not a statute of limitations. The definition of limitations cited by Debtor clearly contemplates a statute requiring the *filing* of an action with a specified time limit. It has no application to a procedural rule dictating the procedures or time for service of process.

Debtor also argues that statute of limitations is an affirmative defense which he has the right to assert under Fed.R.Civ.P. .8 (applicable to adversary proceedings pursuant to Fed.R.Bank.P. 7008), but he has not demonstrated that this Adversary proceeding was filed after any applicable limitations period had run.

### *CONCLUSION*

For reasons stated herein and by separate order, Debtor's Motion to Vacate the Order of January 28, 1997, and to dismiss the complaint and suit for lack of proper jurisdiction will be denied.