**In re Justin BARR, Debtor.**

**Patricia BARR, Plaintiff,**

v.

**Justin BARR, Defendant.**

**Bankruptcy No. 97–32869.**
**Adversary No. A97–35596.**

United States Bankruptcy Court,
W.D. Washington.

Feb. 23, 1998.

Tyler Firkins, Auburn, WA, for plaintiff.

Desa Gese Coniff, Tacoma, WA, for defendants.

### MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

PAUL B. SNYDER, Bankruptcy Judge.

This matter came before the court on Patricia Barr's (Plaintiff) motion for reconsideration of the court's order dated December 12, 1997, setting aside the order of default and default judgment signed by the court on

November 10, 1997, and dismissing the Plaintiff's complaint with prejudice.

## FINDINGS OF FACT

The facts of this case are not in dispute. On April 10, 1997, Justin Barr (Debtor) filed a voluntary Chapter 7 petition. The deadline for filing complaints to determine the dischargeability of a debt was July 14, 1997. The Plaintiff filed a complaint against the Debtor to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(15) on July 11, 1997. A summons was issued by a deputy clerk of the court on July 15, 1997. On July 21, 1997, a legal assistant at the office of Plaintiff's counsel mailed Karena K. Kirkendoll, the Debtor's former counsel, copies of the issued summons and complaint. The correct case number and adversary proceeding number were on the summons and complaint mailed to the Debtor's counsel. These documents were received by Ms. Kirkendoll on July 23, 1997. On July 28, 1997, Ms. Kirkendoll forwarded copies of these documents to the Debtor and referred him to other counsel. The Debtor acknowledged receipt of the issued summons and complaint from Ms. Kirkendoll on or about July 30, 1997. The Debtor was advised to contact counsel when he had received an issued summons and filed complaint from the Plaintiff's attorney.

The court file contains a declaration of mailing filed by the Plaintiff on August 19, 1997, stating that a Summons and Notice of Pretrial Conference in Adversary Proceeding and Complaint to Determine Dischargeability of Debt were mailed to the Debtor on July 21, 1997. However, by affidavit, the Debtor states that the first documents he received directly from Plaintiff's counsel were an unissued summons, unfiled complaint and a copy of the Adversary Proceeding Cover Sheet (with the adversary case number affixed thereto) on August 19, 1997.

On September 26, 1997, the Debtor received copies of an ex parte motion for order of default and default judgment, a proposed order and judgment and a declaration of mailing. These documents were filed with the court on September 23, 1997. Again, the Debtor elected to take no action with regard to the proposed default. After reviewing the Plaintiff's pleadings, the court declined to approve the default. The Plaintiff was requested to provide the court with (1) an affidavit of non-military service, (2) authority that entitled the Plaintiff to attorney's fees of $500, and (3) authority that entitled the Plaintiff to interest at the rate of 12%. Further, the court pointed out that the default judgment requested a principal amount greater than what was prayed for in the Plaintiff's complaint. The court also noted that the Plaintiff's declaration indicating service of the summons and complaint on the Debtor and his attorney on November 1, 1995, appeared to be in error.

The Debtor acknowledged receipt of a second set of default pleadings from the Plaintiff on November 5, 1997. In the second default motion and declaration, Plaintiff's counsel stated, in error, that the summons and complaint were served upon the Debtor and his attorney on August 11, 1997. The remaining deficiencies pointed out to the Plaintiff by the court were corrected.

An order of default and default judgment were signed by the court on November 10, 1997, based in part upon the declarations of mailing that the summons and complaint had been properly served upon the Debtor and his attorney on July 21, 1997. On November 17, 1997, the Debtor filed a Motion to Set Aside Default Judgment and to Dismiss Complaint with Prejudice for failure to effectuate proper service upon the Debtor within 120 days of the filing of the complaint. The Debtor's motion was heard by the court on December 11, 1997. On December 12, 1997, the court entered Debtor's Order on Motion to Set Aside Default Judgment and to Dismiss Complaint with Prejudice. On December 22, 1997, the Plaintiff filed a motion requesting that the court reconsider its December 12, 1997 order.

## ISSUE

Whether the circumstances of this case justify granting the Plaintiff's motion for reconsideration and request for additional time to effectuate proper service upon the Debtor,

pursuant to Fed.R.Civ.P. 4(m),[1] which is made applicable to adversary proceedings by Fed. R. Bankr.P. 7004(a).

## JURISDICTION

This is a core proceeding within this court's jurisdiction. 28 U.S.C. §§ 157(b)(2)(I) and 1334; Local Rules W.D. Wash. GR 7(e); Local Rules W.D. Wash. Bankr.9013–1(h).

## DISCUSSION AND CONCLUSIONS OF LAW

Fed. R. Bankr.P. 7004 governs service of process in adversary proceedings and dictates which sections of Fed.R.Civ.P. 4 apply. Prior to December 1, 1996, the time limits for service of process in adversary proceedings were governed by former Fed.R.Civ.P. 4(j)(Rules eff. Aug. 1, 1987).[2] In accordance with former Fed.R.Civ.P. 4(j), a plaintiff had 120 days to properly serve the summons and complaint upon a defendant. A court was required to dismiss a case if service of process was not properly made upon a defendant within the 120 day period, unless the plaintiff could show good cause why such service was not made. Former Fed.R.Civ.P. 4(j). The Plaintiff admits that proper service was not made upon the Debtor within 120 days of the complaint being filed, nor was a copy of the issued summons served upon the Debtor within 10 days of issuance as required by Fed. R. Bankr.P. 7004(e).

 The only explanation offered by Plaintiff's counsel for this failure to properly serve the Debtor is that a legal assistant being trained in his office made an error. The Ninth Circuit has ruled that inadvertence on the part of counsel does not constitute good cause. *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985). Further, neither ignorance of the law nor reliance upon a third party is an excuse for failing to properly serve a party. *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1307 (3d Cir.

1995) (citing *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir.1987)); *Bryant v. Rohr Indus., Inc.*, 116 F.R.D. 530, 533 (W.D.Wash.1987). The Debtor steadfastly maintains that this court is bound by the decisions in *Wei* and *Kaczmarczik v. Van Meter (In re Van Meter)*, 175 B.R. 64, 69 (9th Cir. BAP 1994), that held failure to serve a debtor with a filed copy of a complaint within 120 days after filing the complaint required dismissal of the action in the absence of good cause. The Debtor argues that the "good cause" standard as then applied by the Ninth Circuit requires this court to set aside the default judgment and dismiss the Plaintiff's complaint.

The Debtor is correct that the Plaintiff has failed to show good cause for failure to effectuate proper service. However, this does not end the court's inquiry.

 Relying on Fed.R.Civ.P. 4(m), the Plaintiff alleged for the first time at the hearing on December 12, 1997, and in her motion for reconsideration, that the court, in its discretion, should extend the time for service, even in the absence of good cause. Fed. R. Bankr.P. 7004 was amended effective December 1, 1996, to amend and redesignate former Fed.R.Civ.P. 4(j) as Fed.R.Civ.P. 4(m). Fed.R.Civ.P. 4(m) provides:

**(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

---

1. Effective December 1, 1996, Fed.R.Civ.P. 4(m) was added with several other amendments to Rule 7004 to conform the Rule to the 1993 revisions to Fed.R.Civ.P. 4. The 1993 amendment of Fed.R.Civ.P. 4 not only altered the rule's language, but also moved and redesignated subsections within the rule.

2. Unless otherwise indicated, all references to Fed.R.Civ.P. 4(j) is to the former Fed.R.Civ.P. 4(j) (Rules eff. Aug. 1, 1987).

Fed.R.Civ.P. 4(m) still requires a court to extend time if good cause is shown, however, the Bankruptcy Appellate Panel for the Ninth Circuit has now recognized that "[t]he new version of the rule explicitly permits the court's use of discretion to extend the time for service even if the plaintiff fails to show good cause." *Cartage Pacific, Inc. v. Waldner (In re Waldner)*, 183 B.R. 879, 881 n. 2 (9th Cir.BAP1995). The advisory committee's note to Fed.R.Civ.P. 4(m) (1993 amendment) specifically authorizes the court to relieve a plaintiff of the consequences of failure to effect service in the prescribed 120 days absent a showing of good cause. Accordingly, this court, similar to the holding of the Third Circuit in *Petrucelli*, is not now required to dismiss the Plaintiff's case and is not prohibited from extending time for service. *Petrucelli*, 46 F.3d at 1307. The cases and statutory authority cited by the Debtor concern the law prior to the adoption of Fed.R.Civ.P. 4(m) by Fed. R. Bankr.P. 7004. Contrary to the position taken by the Debtor, this court concludes that the case law, Fed.R.Civ.P. 4(m), and the plain language of the advisory committee's note, permit the court to extend time for service of process, even absent a finding of good cause.

The Ninth Circuit, however, has not addressed what factors a court should consider when deciding to exercise its discretion to extend time for service in the absence of a finding of good cause. The advisory committee's note to Fed.R.Civ.P. 4(m) (1993 amendment) is instructive. The advisory committee's note to Fed.R.Civ.P. 4(m) (1993 amendment) provides that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note (1993 amendment).

Fed.R.Civ.P. 4(m) provides that dismissal of an action pursuant to that subdivision is to be without prejudice. "Although, the bar date is not technically considered a statute of limitations, the fact that it prevents the filing of a complaint to determine dischargeability beyond a certain date, causes it to operate in effectively the same manner." *Florida Out-*

*door Equip., Inc. v. Deresinski (In re Deresinski)*, 214 B.R. 35, 37 (Bankr.M.D.Fla. 1997). In the instant case, dismissal would essentially be with prejudice, because the bar date for filing a complaint had expired. Relying on the advisory committee's note to Fed.R.Civ.P. 4(m) (1993 amendment), the Plaintiff argues that this fact justifies the application of the court's discretion in extending time for service.

Several bankruptcy courts have taken the position asserted by the Plaintiff that the expiration of the bar date or statute of limitations justifies granting a plaintiff additional time to effectuate proper service. *Deresinski*, 214 B.R. at 38; *Smith v. Hamrah (In re Hamrah)*, 174 B.R. 109, 112 (Bankr.W.D.Mo. 1994). Other courts have taken the position that this is only one factor that a court should consider, and that this fact alone does not require a court to extend the time for service of process. *Panaras v. Liquid Carbonic Indus., Corp.*, 94 F.3d 338, 341 (7th Cir.1996); *Petrucelli*, 46 F.3d at 1305-06. The Ninth Circuit has not yet taken a position on this issue.

■ This court agrees with the position taken by the Third and Seventh Circuits that the expiration of a bar date or statute of limitations is only one factor that should be considered, but the expiration of the bar date or statute of limitations by themselves does not require a court to grant an extension of time to file and serve a complaint. A contrary conclusion would undermine one of the underlying purposes of bankruptcy, which is to grant a debtor a fresh start as expeditiously as possible, and "would extend both the 120 days and the statute of limitations of every cause of action indefinitely." *Petrucelli*, 46 F.3d at 1306 n. 7.

■ The Debtor admittedly received copies of a summons and complaint with the proper adversary proceeding number, and a copy of the Adversary Proceeding Cover Sheet with the adversary proceeding case number. He also twice received default judgment documents with the proper adversary proceeding case number. The Debtor chose to take no action. This is unlike the *Van Meter* case, in that the Van Meters never received a copy of the issued summons

or filed complaint and thus, were not notified of the return date or hearing date. *Van Meter,* 175 B.R. at 66. In this case, the Plaintiff's attempts at service were obviously more than a warning that a complaint may be filed or a "shot across the bow," as characterized in the *Van Meter* case. *Van Meter,* 175 B.R. at 68. The Debtor was on notice that a complaint had been filed as he received a summons and complaint on two occasions identifying the adversary proceeding case number. Although technically not necessary, because the Debtor never appeared in the case, the Plaintiff twice served copies of the default pleadings on the Debtor. *See* Fed.R.Civ.P. 55 (made applicable to adversary proceedings by Fed. R. Bankr.P. 7055). The Debtor cannot argue that he was unaware that the Plaintiff intended to take a default judgment.

■ There is no allegation that the Plaintiff was not acting in good faith, was engaged in abuse or unduly dilatory tactics, or tried to lull the Debtor into a default judgment. Plaintiff's counsel's errors in failing to properly effectuate service were clearly technical and easily rectifiable. The Debtor took no action to advise the Plaintiff of the defect in service. Although the court is not finding that a defendant has a responsibility to notify a plaintiff of defects in service, the Debtor and his counsel were admittedly aware of the filed action and time limits in this case. Further, there has been no prejudice alleged by the Debtor on account of the Plaintiff's inability to properly effectuate service. Prejudice in this context contemplates loss of evidence, unavailability or other material alteration caused by the delay that would prevent the Debtor from presenting his case. *Kadlecek v. Ferguson (In re Ferguson),* 210 B.R. 785, 789 (Bankr.N.D.Ill.1997) (citing *Mathon v. Marine Midland Bank, N.A.,* 875 F.Supp. 986, 993 (E.D.N.Y.1995)). No prejudice to the Debtor is found by this court.

■ The Debtor argues that dismissal is also mandated by the Plaintiff's failure to serve copies of the summons and complaint within ten days following issuance of the summons. Fed. R. Bankr.P. 7004(e). However, Fed. R. Bankr.P. 7004(e) provides that "[i]f a summons is not timely delivered or mailed, another summons shall be issued and served." Thus, the Plaintiff's failure to comply with the ten day time limit was not fatal to her case. *See Kadlecek v. Ferguson (In re Ferguson),* 204 B.R. 202, 207 (Bankr.N.D.Ill. 1997), *motion to vacate denied,* 210 B.R. 785 (Bankr.N.D.Ill.1997).

In exercising its discretion, the court concludes that the Plaintiff's motion for reconsideration will be granted in order to avoid manifest error. Under these circumstances, reconsideration of the court's ruling is proper. Local Rules W.D. Wash. GR 7(e)(1). The court will enter a separate order consistent with this memorandum decision granting the Plaintiff an additional 30 days to secure a summons and properly effectuate service.