**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   CC-15-1126-TaFC |
| ) | |
| PRADEEP SINGH and RINDI P. ) | Bk. No.   6:14-bk-19919-SC |
| SINGH, ) | |
| ) | Adv. No.  6:14-ap-01304-SC |
| Debtors. ) | |
| _____) | |
| ) | |
| CAROLE TAYLOR, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| PRADEEP SINGH; RINDI P. SINGH,) | |
| ) | |
| Appellees. ) | |
| _____) | |

Argued and Submitted on January 21, 2016
at Pasadena, California

Filed – February 26, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Scott C. Clarkson, Bankruptcy Judge, Presiding

_____

Appearances:   Elliot R. Speiser of Elliot R. Speiser &
Associates for appellant Carole Taylor; Myron
Wayne Tucker of Orrock, Popka, Fortino & Dolen
for appellee Pradeep Singh.

_____

[*]   This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1(c)(2).

Before:   TAYLOR, FARIS, and CORBIT,[**] Bankruptcy Judges.

## INTRODUCTION

Appellant Carole Taylor commenced an adversary proceeding against chapter 7[1] debtors Pradeep Singh and Rindi Singh, seeking § 523(a) exception to discharge and § 727(a) discharge denial.  At the first status conference, the bankruptcy court dismissed the adversary proceeding for lack of prosecution based solely on Taylor's failure to file a joint or unilateral status report prior to the hearing.  It subsequently denied Taylor's motion for reconsideration.

We conclude that the bankruptcy court abused its discretion in issuing terminating sanctions.  Thus, we REVERSE and REMAND for further proceedings consistent with this decision.

Separately, Pradeep[2] moves for sanctions against Taylor and her attorney based on the allegation that the appeal was frivolous.  We DENY the motion.

///

///

---

[**]   The Honorable Frederick P. Corbit, Chief United States Bankruptcy Judge for the Eastern District of Washington, sitting by designation.

[1]   Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure; all "Civil Rule" references are to the Federal Rules of Civil Procedure; and all "LBR" or "local rules" references are to the local rules for the United States Bankruptcy Court for the Central District of California.

[2]   For the sake of clarity, we refer to Pradeep and Rindi by their first names.  No disrespect is intended.

2

**FACTS**

**Initiation of litigation against the Debtors.** Following the Debtors' chapter 7 filing, Taylor commenced an adversary proceeding against Pradeep and Rindi.[3] She alleged that she attended a retirement planning course taught by Pradeep, participated in a one hour consultation with Pradeep that he offered to students, and received a solicitation regarding an investment opportunity through his company, Pradeep Singh Corporation, doing business as Secure Vision Associates ("SVA"). Pradeep allegedly promised a guaranteed fixed income and that the money would be invested in equities through SVA; he allegedly represented himself as a licensed investment professional. The adversary complaint alleged that Taylor invested $100,000 in SVA.

Three days before filing the chapter 7 petition, Pradeep dissolved SVA. The adversary complaint alleged that Pradeep was the alter ego of SVA, that he was not a licensed investment professional, and that he did not invest Taylor's money in equities but, instead, converted her funds to his own use. Taylor sought to except her claim from discharge under § 523(a)(2) and (a)(4) and sought a denial of the Debtors' discharge under § 727(a)(4)(A).

Other parties also commenced similar litigation. On January 9, 2015, the United States Trustee ("UST") initiated an

---

[3] Rindi appears to have separate counsel. Although her counsel appeared at the reconsideration hearing, only Pradeep was active in the adversary proceeding prior to case dismissal. Similarly, only Pradeep has appeared in this appeal.

adversary proceeding against the Debtors and sought discharge denial under § 727(a)(2), (a)(4), and (a)(5). The UST's adversary complaint was consistent with Taylor's allegations; it alleged that the Debtors had "engaged in a scheme whereby Pradeep Singh solicited funds from individuals with the promise of investing the funds with SVA" but, instead, used the investments for personal use. Taylor's case was listed as one of six related proceedings.

**Service of Taylor's adversary proceeding initiation documents.** The proof of service attached to Taylor's adversary complaint evidenced that on November 7, 2014, the complaint was served on M. Wayne Tucker and the chapter 7 trustee via Notice of Electronic Filing; Tucker represented Pradeep generally in his chapter 7 case and eventually represented him in the adversary proceeding and on appeal. The proof of service evidenced, however, that Taylor failed to serve the Debtors at that time.

Taylor thereafter filed a second proof of service, evidencing that on November 12, 2014, the adversary complaint, summons, notice of status conference, and "notice to defendants; early meeting requirements" were served on Pradeep via U.S. mail. The address in the proof of service matched Pradeep's mailing address in the chapter 7 petition. Rindi, however, was not separately served; and the chapter 7 petition stated that her mailing address was not the same as Pradeep's. The new proof of service also evidenced that Tucker was served with the documents via Notice of Electronic Filing.

**Activities consistent with the local rules, Pradeep's**

4

**failure to respond to the complaint, and the joint decision to stay this litigation.** After Taylor filed her adversary proceeding, the bankruptcy court issued a summons, notice of status conference, and "Order re: Rule 26(f) Meeting, Initial Disclosures, and Scheduling Conference," which provided that a status conference was scheduled for February 4, 2015.[4] The notice also contained the following warning:

> **You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. The court may fine you or impose other sanctions if you do not file a status report. **The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

Adv. Dkt. No. 5 at 2 (emphasis in original). Based on the status conference date, the deadline for filing the joint status report was January 21, 2015, and the unilateral status report deadline was January 28, 2015.

Pradeep did not file a response to the adversary proceeding complaint. Later, he asserted that he was never served; but he

---

[4] We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding and in the underlying bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

also acknowledged that he knew about the complaint and agreed to waive service errors in exchange for an extension until January 22, 2015 of his time to answer.

It is undisputed that Taylor's attorney, Elliot R. Speiser, took action in regard to the Civil Rule 26(f) meeting. Tucker was responsive but relayed Pradeep's request that Taylor stay her proceeding pending the outcome of the UST's action. This was a logical request; to the extent the UST prevailed, all of the Debtors' debts would be excepted from discharge, and Taylor's action would be moot. It was also in Debtors' best interests as it allowed them to focus their attention and resources on one adversary proceeding as opposed to fighting what could rapidly become a war of attrition on multiple fronts. Thus, at the Civil Rule 26(f) meeting, the parties agreed to seek a stay. According to Tucker, Speiser stated that he, nonetheless, would file a pre-status conference report advising the bankruptcy court of the stipulation.

On January 20, 2015, Tucker emailed Speiser the proposed stipulation and order to stay the Taylor proceeding, stating: "[i]f it meets your approval, please sign and return, if not, please let me know what changes are desired." Adv. Dkt. No. 16, Ex. B. Speiser did not respond for a week.

In the meantime, the January 21st deadline date came and went; no one filed a joint status report. Similarly, Pradeep relied on the proposed stipulation; he did not answer on January 22.

On January 27, 2015, Speiser emailed Tucker an executed copy of the stipulation. He also suggested language for the

6

proposed order taking the status conference off calendar as a result of the stipulation. Tucker agreed and added the proposed language. But, like Speiser, Tucker then stalled. Neither he nor Speiser filed a unilateral status report on January 28. Instead, Tucker filed the stipulation and lodged the proposed order on February 2, 2015, just two days prior to the scheduled status conference.

The bankruptcy court declined to enter the proposed order, and the status conference went forward.

**The initial status conference and issuance of terminating sanctions.** The bankruptcy court opened the hearing by stating its inclination to dismiss the adversary proceeding based on lack of prosecution. It focused, in particular, on the fact that Speiser failed to file a status report, either joint or unilateral, as required by the local rules. Speiser attempted to explain himself, but the bankruptcy court was not receptive to his arguments:

THE COURT:      [W]hen did I become chopped liver?

MR. SPEISER:    No disrespect to the Court and I am not trying to essentially --

THE COURT:      What do you mean, not talking about no disrespect to the Court

MR. SPEISER:    deflect the Court's inquiry --

THE COURT:      What do you mean, no disrespect to the Court?

MR. SPEISER:    But we executed our stipulation on --

THE COURT:      When did I become chopped liver?

MR. SPEISER:    No, no.  I

THE COURT:      When did you decide to ignore me?

7

MR. SPEISER:    We did not.  Again, our office executed

THE COURT:    Didn't ignore me? You don't think I play a role in this?

Hr'g Tr. (Feb. 4, 2015) at 5:7-23.

In brief response, Tucker represented that during a prior conversation, Speiser had stated that he would file the joint status report, reflecting the parties' intent to seek a stay of the Taylor proceeding.

The bankruptcy court did not deviate from its initial inclination; it dismissed the adversary proceeding based on lack of prosecution.  Citing Blade Energy Pty Ltd. v. Rodriguez (In Re Rodriguez), 2013 WL 6697839 (9th Cir. BAP Dec. 19, 2013), it noted that the BAP had previously affirmed its dismissal of an adversary complaint at the initial status conference based on a failure to file the requisite status report.  Then, after identifying the factors set forth in Malone v. U.S. Postal Service, 833 F.2d 128 (9th Cir. 1987), it noted that its resources were stretched thin and that voluminous cases burdened its docket.  It also accepted and apparently relied on Tucker's representation that Speiser agreed to file the status report.

**Taylor's motion for reconsideration.**  Taylor promptly moved for reconsideration under Bankruptcy Rule 9024, which incorporates Civil Rule 60(b) into adversary proceedings.  Aside from its caption, however, the motion did not advance any argument under Civil Rule 60(b).  Instead, Taylor argued that Malone did not support dismissal because: the parties had agreed to stay the Taylor proceeding; there was no burden on the bankruptcy court; there was no prejudice to the Debtors; public

8

policy did not support dismissal as Taylor's proceeding involved elder abuse and possibly a criminal case; dismissal was a severe sanction; and the case was factually distinguishable from Rodriguez. In a concurrently filed declaration, Speiser attested that his "failure to file a status report was based upon mistake, excusable neglect and inadvertence."

Pradeep opposed; he asserted that reconsideration was unwarranted, whether under Civil Rule 59 or 60(b). Among other things, he argued that Taylor received several warnings as to the possibility of "harsh sanctions which could result from a failure to file a mandatory status report."

The bankruptcy court denied the reconsideration motion and issued written findings as to the Malone factors. Taylor timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B) and (K). We have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

1. Whether the bankruptcy court abused its discretion in dismissing the adversary proceeding based on failure to prosecute.

2. Whether an award of sanctions against Taylor, Speiser, or both is warranted under Bankruptcy Rule 8020.

**STANDARD OF REVIEW**

The bankruptcy court's dismissal of an adversary proceeding based upon a plaintiff's failure to prosecute is reviewed for an abuse of discretion. Al-Torki v. Kaempen, 78 F.3d 1381, 1384

9

(9th Cir. 1996); Moneymaker v. CoBEN (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

**A.  Sanctions based on violations of the local rules.**

When a party fails to comply with LBR 7016-1(a)(2) and (3), that party is subject to potential sanctions under LBR 7016-1(f).  That subsection provides that, in addition to sanctions authorized by Civil Rule 16(f), the bankruptcy court may award non-monetary sanctions, including an entry of judgment of dismissal.

There is no question that a bankruptcy court has the power to sanction for violations of local rules. Miranda v. S. Pac. Transp. Co., 710 F. 2d 516, 519 (9th Cir. 1983).  The Ninth Circuit, while acknowledging this authority, requires restraint:

> First, by the terms of the statute, sanctions must be consistent with the Federal Rules and with other statutes.  Second, the order must be **necessary** for the court to carry out the conduct of its business.  There must be a **close connection** between the sanctionable conduct and the need to preserve the integrity of the court docket or the sanctity of the federal rules. Third, the order must be consistent with "principles of right and justice."  Finally, any sanction imposed must be **proportionate to the offense** and commensurate with principles of restraint and dignity inherent in judicial power.  This last principle includes **a responsibility to consider the usefulness of more moderate penalties** before imposing a monetary sanction.

10

Zambrano v. City of Tustin, 885 F.2d 1473, 1480 (9th Cir. 1989) (internal quotation marks and citation omitted) (emphases added).

In Zambrano, the Ninth Circuit reversed an award of monetary sanctions against counsel where the sanctioned attorneys failed to obtain admission to the district court prior to appearing at trial. The decision outlined the basis for such a sanctions award and held that sanctions for local rule violations were unavailable when the violation resulted from mere negligence or oversight; instead, the Zambrano court required a finding of recklessness, repeated disregard of court rules, gross negligence, or willful misconduct. Id.; see also In re Colville Confederated Tribes, 980 F.2d 736 (9th Cir. 1992) (table) (sanctions for violation of local rules are subject to the limits upon the court's inherent power and statutory authority, and that "[t]hese limits require at a minimum that the sanctions order be supported with an explicit finding of an attorney's bad faith, and that the misconduct amount to more than a negligent transgression of the local rules"); Wehrli v. Pagliotti, 1991 WL 143815, at *2 (9th Cir. Aug. 1, 1991) ("The district court's authority to impose sanctions for violation of local rules should be reserved for 'serious breaches,' not thoughtless conduct.") (citation omitted).

Zambrano involved monetary sanctions against counsel. Its holding on the limits of sanctions against attorneys for local rules violations applies with equal, if not greater, force here, in a case involving terminating sanctions. The bankruptcy court did not make the state of mind findings required by Zambrano,

11

and the record is devoid of any such factual support. Indeed, we question whether <u>Zambrano</u> allows any sanction here.

Speiser's non-compliance was minimal. The record suggests that he believed that the status conference would not proceed; we cannot on this record say that this belief was grossly negligent or reckless. While he did not file a status report in the form mandated by the local rules, he did participate in filing the proposed stipulation seeking a stay. This document provided the bankruptcy court with the essential information relevant to the conduct of the litigation; the parties wanted to stay the Taylor proceeding because resolution of the UST's pending case potentially made its pursuit unnecessary. We cannot see how it would be grossly negligent or reckless to assume that this was sufficient and that the bankruptcy court would not need additional information, such as anticipated discovery, given this request.

In short, as in <u>Zambrano</u>, this appears to be a case of mere negligence at worst. And, as the Ninth Circuit there cautioned, "[t]he minor problems created by counsel should not be visited upon the litigants." 885 F.2d at 1476 n.4. Having said that, we hereafter remand for additional proceedings based on our conclusion that terminating sanctions were not appropriate. If sanctions are awarded at all, it cannot be one that terminates the proceeding in Pradeep's favor.

**B. The bankruptcy court erred in issuing terminating sanctions.**

In determining whether to dismiss a case for lack of prosecution, the bankruptcy court must weigh the following

12

factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See Malone, 833 F.2d at 130; see also Thompson v. Hous. Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986). As this case involved a terminating sanction based on a local rule infraction, a consideration of the last factor necessarily includes a consideration of whether the punishment is proportionate to the offense. Zambrano, 885 F.2d at 1480.

As this Panel has previously stated, "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." In re Rodriguez, 2013 WL 6697839, at *8 (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). And, at an early point in the case, the decision to terminate is subject to further scrutiny. Notwithstanding, reversal of a terminating sanction is appropriate "only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." Id. (citing Malone, 833 F.2d at 130). We have such a conviction here.

Again, here, we have only a minor act of non-compliance. Speiser properly called for and participated in the Civil Rule 26(f) meeting. Taylor agreed to Pradeep's request for a stay. Speiser signed the proposed stipulation and suggested, consistent with Bankruptcy Rule 1001's mandate that rules should be construed to secure the just, speedy, and inexpensive determination of every proceeding, that the pre-trial status

13

conference be vacated until it became clear that the Taylor proceeding would go forward. Against this background, Speiser's failure to file a status report did not justify a terminating sanction. And, in any event, a terminating sanction that punished both Taylor and Speiser was excessive.

This conclusion is supported by the following.

**1. Zambrano precluded terminating sanctions based on a local rules violation.**

**The sanction was not proportionate to the offense, to the culpability of Pradeep, or to the lack of culpability of Taylor.** As noted, Zambrano requires that any sanction for a local rule violation be proportionate to the offense. The bankruptcy judge here failed to make any Zambrano findings, including one related to proportionality. We see error, and we determine that proportionality analysis does not justify a terminating sanction here.

**The infraction was minimal.** It is true that LBR 7016-1(a)(2) requires a joint status report discussing specific matters. There is no question that Taylor did not file such a report. But when one reviews the required information, it becomes clear that the proposed stipulation presented to the bankruptcy court prior to the hearing provided the information required to the extent relevant. Given the early point in the case and the fact that the parties reasonably requested a stay, a discussion of proposed discovery and pending law and motion matters, beyond the stay request, was premature.

Similarly, a proposed date for pre-trial conference or trial was unnecessary. The proposed stipulation made obvious

14

that the parties had met and conferred in compliance with Civil Rule 26(f); admittedly, it does not give the date of that meeting. And, the parties' intentions regarding alternative dispute resolution prior to the resolution of the UST litigation can be inferred. In short, the parties' proposed stipulation operated as a status report in the case, albeit untimely. We also acknowledge, that in minor detail, it did not strictly adhere to the local rule requirements. This, however, was the sum and substance of the infraction — it did not justify a terminating sanction.

**The bankruptcy court erred when it tasked only Taylor with the local rule status report obligation and ignored Pradeep's failure to answer.** Proportionality also requires that we consider Pradeep's non-compliance with the Bankruptcy Rules and the local rules. Here, the local rule clearly states that "the parties" are required to file a status report. The bankruptcy court, however, sanctioned only Taylor even though Pradeep was also in violation of the rule. The bankruptcy court's decision to sanction assumed that Taylor, as the plaintiff, and Speiser, as plaintiff's counsel, bore the sole responsibility for filing a status report, while Pradeep, as the defendant, and Tucker, as defendant's counsel, had none. This was error; the applicable local rule did not support such an interpretation.

That the bankruptcy court allocated the burden solely to Taylor is clear from the status conference:

THE COURT:    Well, you're the plaintiff in this case. It's your case. You relied on Mr. Tucker.

15

MR. SPEISER:    Well, Mister --

THE COURT:    Counsel for the defendant.

MR. SPEISER:    Correct.

THE COURT:    Mr. Tucker, let me ask you this.  Does your client [Pradeep] really want to be in all these lawsuits?

MR. TUCKER:    Absolutely not, Your Honor.

THE COURT:    You see, why would you rely on Mr. Tucker to do anything?

Hr'g Tr. (Feb. 4, 2015) at 12:15-24.

The bankruptcy court's interpretation was also inconsistent with the form summons and notice of status conference, served with the adversary complaint as required under the local rules. Addressed to the Debtors as the defendants, it stated to them: "[y]ou must comply with LBR 7016-1, which requires **you** to file a joint status report and to appear at a status conference." (Emphasis added.)

This error was not harmless as Pradeep shared culpability for the non-compliance but, in effect, was rewarded with case dismissal.[5]

---

[5]  Pradeep cannot skirt this requirement by alleging that he was not properly served with the adversary complaint or summons.  Although Pradeep attested that he never received the adversary complaint or summons, he also waived any allegation of deficiency of service and then proceeded to participate in the adversary proceeding.  And, according to emails exchanged between counsel, Pradeep was supposed to file his answer on January 22, 2015; he never did.

Moreover, the proof of service filed by Speiser provided that, on November 12, 2014, Pradeep was served with the
(continued...)

16

The bankruptcy court also ignored that Pradeep failed to comply with a much more significant obligation: he failed to file a timely response to the complaint. Such non-compliance subjected him to the possibility of a default judgment; it certainly did not justify case dismissal. Here, both parties failed to comply with relevant rules; but one was given absolute victory while the other was accorded crushing defeat. This lack of even-handed assessment of sanctions was an abuse of discretion.

**A terminating sanction must be proportionate between counsel and the client.** Finally, for a sanction to be proportionate, it must take into consideration whether the party, as opposed to counsel, was at fault. Where an attorney consistently fails to comply with the rules, a terminating sanction may be appropriate even though the burden falls disproportionally on the represented party. The bankruptcy court can reasonably expect a party to police the actions of his own attorney. At such an early point in the case, however, Taylor could have no basis for understanding that her agreement to stay the proceeding and to authorize her attorney to enter into the stipulation would subject her case to a terminating sanction. Nor would she have witnessed and ignored repeated

[5](...continued) adversary complaint, summons, and notice of status conference at his mailing address. The mailing address matches that listed on the chapter 7 petition. At a minimum, this created a presumption that he received the documents. See Fed. R. Evid. 301. Although the presumption was rebuttable, in the absence of an evidentiary hearing, the bankruptcy court was required to assume that Pradeep was timely served.

17

acts of non-compliance by her attorney. The sanction in this case, thus, was again not proportionate because it failed to take into consideration the total inability of Taylor to right the ship by policing or replacing her attorney.

**2.    Consideration of the Malone factors also evidences error.**

Our review of the bankruptcy court's more detailed findings after the motion for reconsideration further evidences error. We assume that these findings were consistent with those which led the bankruptcy court to assess a terminating sanction at the initial hearing. This is particularly true as we have nothing else from which to determine the bankruptcy court's analysis.[6]

The bankruptcy court's consideration of the Malone factors reveals that it afforded significant weight to addressing what it perceived as systemic non-compliance issues with the local rules. In doing so, it ignored the circumstances in this case beyond the non-compliance; namely, the existence of the UST's § 727 action, Pradeep's failure to respond to the adversary complaint, and the parties' agreement to Pradeep's suggestion for a stay. On this record, disregarding these facts was an abuse of discretion.

**The bankruptcy court failed to take the unique facts of this case into consideration when evaluating the public's interest in expeditious resolution of litigation.** In deciding the motion for reconsideration, the bankruptcy court found that:

---

[6] Because of our decision to reverse and remand, we do not review the bankruptcy court's denial of reconsideration on the merits.

18

> The public ha[d] an interest [in] avoiding unreasonable delay in the resolution of complaints to determine the dischargeability of debts and complaints to deny a debtor's discharge. The delay caused by Mr. Speiser's failure to file a status report was completely unreasonable. Mr. Speiser assumed that the status conference would be continued and in so doing he disregarded the Court's time and the local rules, which required him to file a status report.
>
> In addition, due to what the Court perceives as a systemic failure of counsel to abide by LBR 7016-1, the public's interest in expeditious litigation is particularly important. The Court's resources are burdened with numerous instances of disregard of the local rules, which individually and in the aggregate negatively affects the public's interest. . . .

Adv. Dkt. No. 20 at 5-6.

It is true that the public has an interest in avoiding unreasonable delay and in the expeditious resolution of complaints as to the dischargeability of debts and the denial of discharge. That said, those interests were addressed properly here. Given the pending UST action, the failure to file a status report did not affect the expeditious resolution of the Taylor proceeding. Although the bankruptcy court was not required to approve the stipulation to stay the Taylor proceeding, we cannot imagine that on this record, and absent the status report compliance issue, it would not have done so.

The bankruptcy court also identified systemic issues of non-compliance with the local rules in considering this factor. There is no indication on this record, however, that either Taylor or Speiser had a history of non-compliance. Again, given the circumstances here, the public's interest in expeditious resolution of the proceeding was assuaged.

**The bankruptcy court's need to manage its docket did not justify a terminating sanction**. The bankruptcy court

19

determined that "Speiser ha[d] flouted the local rules governing the filing of a status report. Disregard for the local rules, particularly governing the filing of status reports, [was] a systemic problem, which significantly affect[ed] this Court's ability to manage its docket."

Again, the bankruptcy court's attempt to correct systemic non-compliance issues in this case was disproportionate, given the parties' agreement to stay the Taylor proceeding in light of the UST action. In an appropriate case, a bankruptcy court has discretion to issue terminating sanctions for non-compliance with the local rules, but here, the failure to provide information to the bankruptcy court prior to the status conference was mitigated. The bankruptcy court was aware of the parties' intent to stay the proceeding prior to the status hearing based on the proposed order lodged. Thus, the impact on the bankruptcy court's docket was limited and, in effect, caused by its own decision to deny the proposed order and proceed forward with the status conference. The bankruptcy court was advised that a stay was requested; a brief investigation would support that the request was appropriate.

**The bankruptcy court clearly erred in finding risk of prejudice to Pradeep.** The bankruptcy court found that "Mr. Speiser's failure to abide by the local rules [was] prejudicial to the Debtors and their ability to obtain a fresh start," citing Herrero v. Guzman (In re Guzman), 2010 WL 6259994 (9th Cir. BAP Sept. 20, 2010), and Barr v. Barr (In re Barr), 217 B.R. 626 (Bankr. W.D. Wash. 1998). This finding was clearly erroneous.

20

While it is generally true that delay may be prejudicial to a defendant, here, Pradeep was subject to a separate discharge denial proceeding in the UST's action, as well as other related adversary proceedings. And, Pradeep, not Taylor, requested a stay of the adversary proceeding. Regardless of the outcome of those cases, the failure to file a status report in the Taylor proceeding did not prejudice Pradeep (or Rindi, for that matter). That a defendant is impacted by the mere existence of pending litigation against them is not prejudice as contemplated by this factor.

Our determination of error in this regard is underscored by Tucker's admission at oral argument before the Panel that there was no prejudice to his client in this case.

**The bankruptcy court failed to consider the public policy favoring disposition of cases on their merits**. The bankruptcy court acknowledged that public policy favored disposition of a case on the merits but then concluded the public's interests were harmed when counsel ignored the local rules, "designed to facilitate judicial economy and prompt resolution of disputes" and that judicial economy was "particularly important in bankruptcy proceedings."

The bankruptcy court erred in its analysis of this factor; it simply reiterated its consideration of the first Malone factor. Given the nature of the claims alleged and the UST action, which underscored that this was not frivolous litigation, public policy favored a disposition of the Taylor proceeding on the merits unless rendered moot by the UST action or settlement.

21

**The bankruptcy court erred in its analysis regarding the availability of less drastic sanctions**. Finally, the bankruptcy court determined "that less drastic sanctions [were] not warranted and would not be effective." In reaching this conclusion, it "considered the feasibility of alternative sanctions, such as monetary sanctions against Mr. Speiser." Id. It concluded, however, that monetary sanctions were ineffective, as they were "treated as the cost of doing business." Id. And, it "considered other non-monetary sanctions, sanctions, including disciplinary proceedings against Mr. Speiser or requiring Mr. Speiser to attend additional continuing legal education seminars concerning the local rules." Id. at 7. But, it also believed these "less drastic sanctions" insufficient, as Speiser was aware of LBR 7016-1(a)(2) and (3) and proceeded to ignore them. Id.

Again, there is no indication in the record that Speiser had a history of non-compliance with the local rules or prior disciplinary issues. Instead, the bankruptcy court sanctioned Speiser - and, really, Taylor - in order to address systemic rather than attorney or case-specific non-compliance issues; this was inappropriate.

The bankruptcy court's findings under this factor also beg the question: if a failure to comply with the local rules always evidences that non-monetary sanctions are inappropriate, without regard to the degree of the non-compliance, then when would terminating sanctions not be warranted? This logic contravenes the direction given to the courts; terminating sanctions should be imposed only in "extreme circumstances."

22

**Our unpublished Rodriguez decision provides no support for terminating sanctions in this case.** We also agree with Taylor that Rodriguez is factually distinguishable. In that case, after serving the summons and adversary complaint, plaintiff's counsel took no action to comply with the Civil Rule 26(f) meeting requirement until well after the time to do so, was largely non-responsive to the numerous attempts by debtor's counsel to meet and confer or to coordinate the filing of a joint status report as required under the local rules, and filed a unilateral status report late. Debtor's counsel, on the other hand, fully complied with his duties.

Further, debtor had responded to the complaint with a timely motion to dismiss under Civil Rule 12(b)(6). Plaintiff's counsel, however, treated the motion to dismiss as a summary judgment motion and requested a delay of the hearing to allow for discovery; such a response was totally lacking in merit and the motion to dismiss could be considered by the bankruptcy court when it issued terminating sanctions. Finally, there was clear evidence that plaintiff's counsel was duplicitous as he inappropriately attempted to blame his many failures on debtor's counsel; the record showed the clear impropriety of this argument. Other evidence of plaintiff's attorney's lack of candor existed. Although plaintiff's counsel later filed an untimely unilateral status report, the same bankruptcy judge dismissed the adversary proceeding based on lack of prosecution.

Here, Speiser took action to meet and confer as required by Civil Rule 26(f). And, there was no delay negatively impacting discovery or the adjudication of a pending dispositive motion.

23

The only development in the Taylor proceeding was the parties' agreement to stay it, pending resolution of the UST's action. Finally, there was no evidence in the form of an essentially unopposed Civil Rule 12(b)(6) motion that this litigation lacked merit. Nor was there evidence of deceit. Rodriquez is an unpublished decision with limited utility beyond its very specific facts; it did not support a terminating sanction here.

In sum, we conclude that the bankruptcy court abused its discretion in determining that, under these circumstances, terminating sanctions were warranted. That said, we REMAND to the bankruptcy court to determine whether, in light of the parties' joint contribution to the non-compliance, less drastic sanctions against Taylor or Pradeep or both are appropriate.

Based on this determination, we do not address whether the bankruptcy court abused its discretion in denying the motion to reconsider.

**C.    Sanctions under Bankruptcy Rule 8020 are not warranted.**

Pradeep has separately moved for sanctions under Bankruptcy Rule 8020, based on the alleged frivolousness of this appeal. Given our determination in favor of Taylor, we deny this motion.

## CONCLUSION

Based on the foregoing, we REVERSE and REMAND to the bankruptcy court for further proceedings consistent with this decision. We DENY Pradeep's motion for sanctions.

24